CHARLES P. ORR, RESPONDENT, v. SAMUEL RUDOLPH AND ROSE RUDOLPH, APPELLANTS.

Submitted October 26, 1928—Decided May 20, 1929.

For the appellants, *Patrick H. Harding*.

For the respondent, *Louis LeDuc*.

The opinion of the court was delivered by

KALISCH, J. This case comes before us on an appeal from a judgment entered in the Supreme Court, in a cause tried before the trial judge, sitting without a jury, at the Camden Circuit, and which trial resulted in a finding and judgment in favor of the plaintiff-respondent, and against the defendants-appellants, in the sum of $636.

The controversy between the parties grew out of the following circumstances. On October 14th, 1925, the defendants-appellants, agreed in writing, with the plaintiff-respondent, to convey to the latter, certain premises located in the borough of Magnolia, in Camden county. The premises consisted of a two-story dwelling house with store front, and the selling price agreed upon was $6,600. The conveyance was to be subject to certain mortgages which existed upon the property.

The plaintiff paid a deposit of $600 on account of the bargain at the time the agreement was signed. The agreement expressly provided that the vendor shall retain possession of the premises until settlement, which was to be made on or before March 14th, 1926. It was further stipulated that time is the essence of the agreement.

The record discloses, that the real estate agent who took part in negotiating for the plaintiff the purchase of the property, drew the agreement of sale between the parties. He gave this significant testimony: "When I filled in the period of possession, when possession was to be given, I asked whether Mr. and Mrs. Rudolph [the vendors of the property], cared to turn the water off, in view of the winter season coming on, or whether they would care to have me do it, but they said they would be glad to do it, and would turn the key over to me on a later day."

The record further discloses, that between the time of the making of the contract, and the time of settlement, by reason of the failure to turn off the water, and the freezing and bursting of the pipes owing to cold weather, considerable and seri-

ous damage ensued. The hot water heating pipes had burst; the radiators had broken out at their ends, and the cellar was found to be several feet deep with ice and water.

There was testimony to the effect that the plaintiff insisted he be allowed at least $200 to make repairs which were necessitated by the failure of the defendants in not having the water turned off, by reason of which failure, the damage resulted, and which demand the defendants refused, but finally agreed to make repairs, but when upon examination it was found the boiler was broken, and it was impossible to get water to the upper floors, &c., they refused to carry out their undertaking. The plaintiff thereupon refused to take the property, and demanded the return of the deposit of $600.

The trial judge having found, substantially, the facts above stated, held, that the defendants owed a duty to the plaintiff to turn off the water, and having failed to do so, the plaintiff was entitled to either have a diminution in the price for which the property was sold, or to rescind the contract, and as no such concession was offered by the defendants, the plaintiff was entitled to recover back the money he deposited on the purchase price.

This was an accurate statement of the law governing the facts of the case.

The only other ground urged, on behalf of the appellants, for a reversal of the judgment is, that the trial judge erred in allowing interest on the $600 deposit money, from the date when the plaintiff brought his action to recover said sum, the trial judge finding the right of rescission was exercised by the plaintiff at that time.

The contention of counsel of appellant is, that the liquidated damage clause in the contract, operated to prevent an allowance greater than the amount, there specified.

A reference to the damage clause in question makes it perfectly plain that it has no pertinency to a claim for damages by the vendee, but relates solely to the amount of liquidated damages to be recovered by the vendor in case the vendee makes default.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.